Keep et al. v. Griggs.

Reversed and remanded.

WILLIAM B. KEEP ET AL.
v.
ANDREW J. GRIGGS.

1. EVIDENCE—HUSBAND AND WIFE.—The general rule in the absence of a statute is that a husband or a wife is not a competent witness for or against the other in a suit to which the other is a party. Where the husband or wife is not a party to the record, but yet has an interest directly involved in the suit, and therefore is incompetent to testify, the other is also incompetent.

2. EXCEPTION TO GENERAL RULE.—In all cases of personal injuries committed by the husband and wife against each other, the injured party is an admissible witness against the other.

3. IN COLLATERAL PROCEEDINGS.—In collateral proceedings not immediately affecting their mutual interests, they not being parties to the suit, their evidence is receivable, though it may tend to criminate or subject the other to a legal demand.

4. SUIT FOR MALICIOUS PROSECUTION.—In a suit for malicious prosecution where a husband was plaintiff, his wife was allowed to testify in his behalf. *Held*, that as this case is not covered by any of the five exceptions specified in the statute, the general rule of exclusion applies, and the admission of the wife's evidence was erroneous.

5. INSTRUCTIONS—BURDEN OF PROOF ON QUESTION OF PROBABLE CAUSE.—Although a portion of an instruction standing alone would improperly shift the burden of proof on the question of probable cause from the plaintiff to the defendant, yet if the other portions of the instruction stated the rule clearly and accurately, the court can not assert that the jury were liable to be misled by it.

6. MALICIOUS PROSECUTION—SUSPICION DISTINGUISHED FROM CONVICTION.—In an action for malicious prosecution it is held to be enough if the facts and circumstances are sufficient to produce an honest and strong suspicion of the guilt of the accused. An instruction using the term conviction instead of suspicion would be erroneous as it would require a higher degree of proof than the law requires.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed January 30, 1883.

This was an action on the case for malicious prosecution, brought by appellee against appellants, for causing a search warrant to be sued out, under and by virtue of which appellee's dwelling house at South Chicago was searched for certain goods and chattels which were alleged to be the property of the Chicago Match Company; and which were charged to have been stolen or embezzled by appellee.

Upon the trial in the court below, the wife of appellee was called by him and allowed to testify in his behalf against appellant's objection on the ground of her incompetency to testify in a suit in which her husband was a party, and directly interested in the event of the suit. Exceptions to the ruling of the court were duly preserved.

The case was tried by a jury upon plea of not guilty by all the defendants. The evidence was conflicting, both upon the question of malice, and want of probable cause.

The jury found the defendants guilty, and assessed the plaintiff's damages at $1,000, for which he had judgment; and the defendants' motion for a new trial being overruled, they appealed to this court.

Mr. WILLIAM W. GURLEY and Messrs. R. P. & J. C. DAVIDSON, for appellants; as to when a wife is not a competent witness in husband's behalf, cited Hayes v. Parmalee, 79 Ill. 563; Trepp v. Baker, 78 Ill. 146; Mitchison v. Cross, 58 Ill. 366; Anderson v. Friend, 71 Ill. 475; Hawver v. Hawver, 78 Ill. 412; R. S. 1877, Ch. 51, § 5.

The burden of proof was upon appellee to establish by a clear preponderance of evidence that appellants acted with malice and without probable cause : Davie v. Wisher, 72 Ill. 262; Ames v. Snider, 69 Ill. 376; Brown v. Smith, 83 Ill. 291; Thaule v. Kiekler, 84 N. Y. 429.

As to probable cause : Harpham v. Whitney, 77 Ill. 32; Palmer v. Richardson, 70 Ill. 544; Davie v. Wisher, 72 Ill. 262; Ames v. Snider, 69 Ill. 376; Collins v. Hayte, 50 Ill. 337; Lister v. Perryman, 4 L. R. (Eng. & I.) 521; Bacon v. Towne, 4 Cush. 217; Barron v. Mason, 31 Vt. 189; Hicks v. Faulkner, 51 L. J. R. N. S. part 5, 268; McBean v. Ritchie, 18 Ill. 114.

Independent of probable cause, good faith on the part of the prosecutor is a good defense : Palmer v. Richardson, 70 Ill. 544; Collins v. Hayte, 50 Ill. 353; Angelo v. Faul, 85 Ill. 106; Harpham v. Whitney, 77 Ill. 32.

The fact that appellant Keep was not guilty was not sufficient to justify a verdict in his favor, the question of his guilt or innocence not being an issue in the case : Angelo v. Faul, 85 Ill. 106; Ames v. Snider, 69 Ill. 376; Harpham v. Whitney, 77 Ill. 32; Anderson v. Friend, 85 Ill. 135.

Where verdict is against the evidence, the judgment will be reversed : Puterbaugh v. Crittenden, 55 Ill. 485; Waggeman v. Lombard, 56 Ill. 42; Smith v. Slocum, 62 Ill. 354;

Hibbard v. Malloy, 63 Ill. 471; C. R. I. & P. R. R. Co. v. Herring, 57 Ill. 59; Davenport v. Springer, 63 Ill. 276.

Instructions should be concise and briefly state the law of the case : Merritt v. Merritt, 20 Ill. 65; Roe v. Taylor, 45 Ill. 485; Thompson v. Force, 65 Ill. 370; Keeler v. Stuppe, 86 Ill. 309; Rockford Ins. Co. v. Nelson, 75 Ill. 548; C. & A. R. R. Co. v. Utley, 38 Ill. 410.

Messrs. DENT & BLACK, for appellee.

WILSON, J.   Did the court err in allowing the plaintiff's wife to testify as a witness for him against the objection of the defendants ?

In the absence of a statute the general rule is that a husband or wife is not a competent witness for or against the other in a suit to which the other is a party.   Mr. Greenleaf says: " The rule by which parties are excluded from being witnesses for themselves, applies to the case of husband and wife; neither of them being admissible as a witness in a cause, civil or criminal, in which the other is a party."   1 Greenleaf on Evidence, § 334.

So, too, where the husband or wife is not a party to the record, but yet has an interest directly involved in the suit, and is therefore incompetent to testify, the other is also incompetent.   Id. 341.

To this general rule of exclusion there are some exceptions, which are allowed from the necessity of the case, partly for the protection of the wife in her life and liberty, and partly for the sake of public justice.   Thus she is a competent witness against him for an assault and battery upon her; she may exhibit articles of the peace against him, and in general, in all cases of personal injuries committed by the husband and wife against each other, the injured party is an admissible witness against the other.

In collateral proceedings, not immediately affecting their mutual interests, they not being parties to the suit, their evidence is receivable, though it may tend to criminate or subject the other to a legal demand.   Fitch v. Hill, 11 Mass. 286; Griffin v. Brown, 2 Pick. 308; 1 Greenl. on Ev. § 342.

Keep et al. v. Griggs.

In the present case the wife was admitted as a witness for her husband, who was the party plaintiff in the suit. She was therefore inadmissible, unless she comes within some one of the exceptions of our statutes.

The statute is as follows:

" No husband or wife shall by virtue of section 1 of this act, be rendered competent to testify for or against each other as to any transaction or conversation occurring during the marriage, or after its dissolution, except in case where the wife would, if unmarried, be plaintiff or defendant, or where the cause of action grows out of a personal wrong or injury done by one to the other, or grows out of the neglect of the husband to furnish the wife with a suitable support; and in cases where the litigation shall be concerning the separate property of the wife and suits for divorce,    *    *    *    or in all matters of business transactions, where the transaction was had and conducted by such married woman as the agent of her husband, in all which cases the husband and wife may testify," etc.

It is obvious that the case falls within neither of these exceptions.

1.    The wife, if unmarried, could be neither plaintiff nor defendant, as the suit is for a wrong done to the husband alone.

2.    The cause of action does not grow out of a personal wrong or injury done by the husband to the wife, nor by the wife to the husband.

3.    The cause of action does not grow out of the neglect of the husband to support the wife.

4.    The litigation is not concerning the separate property of the wife, but it is for an alleged wrong done to the husband by appellants, and

5.    It is not a case where the wife was transacting business for her husband as his agent.

Thus the case is covered by none of the exceptions specified in the statute, and the general rule of exclusion applies. It was therefore error to permit the plaintiff's wife to testify in his behalf.

To the instruction given by the court on its own motion, it is objected that owing to its great length, its argumentative character, its abstruse language, and its discussion of abstract propositions of law, not applicable to the case, it was only calculated to mislead, bewilder, and confuse the jury.

The instruction was somewhat expansive, and might perhaps have been improved by condensation. As the proper function of an instruction is to give the jury a clear conception of the law applicable to the facts they are to pass upon, the more concise and simple it can be made, and at the same time be sufficiently comprehensive, the better. We can not say that this instruction, taken as a whole, did not contain a correct exposition of the law, nor that it was inapplicable to the evidence. There are certain passages in it which do not express the law accurately; thus it is said, " However innocent the plaintiff may have been, it is enough for the defendant to show that he had reasonable grounds for believing him guilty at the time the charge was made, and the question of probable cause rests only on those facts and circumstances which were known to the prosecutor at the time the prosecution was begun." Standing alone, this would improperly shift the burden of proof on the question of probable cause from the plaintiff to the defendants. But in other portions of the instruction the rule is correctly and clearly stated, that the want of probable cause is an affirmative fact to be shown by the plaintiff as a necessary element in making out this cause of action.

Like comments might be made upon other portions of the instruction. We can not, therefore, assert that the jury were liable to be misled by it.

By the second instruction given at the instance of the plaintiff, the jury were told that the defendant's belief that the plaintiff had stolen or embezzled the property in question must not only have been honestly entertained by them, but must have been based on facts and circumstances within the knowledge of the defendants, or brought to their attention, which would fairly produce in the mind of a prudent and ordinarily cautious man a *conviction* that the property had been stolen, etc. This instruction necessitated a higher degree

of proof than the law requires. In Harpham v. Whitney, 77 Ill. 32, it is held to be enough if the facts and circumstances are sufficient to produce " An honest and strong suspicion of the guilt of the accused." The term " conviction " implies a higher degree of belief than a mere suspicion, though an honest and strong one. See language of Mr. Justice Sheldon in the case last cited. This instruction was liable to affect the defendants injuriously and was erroneous. The settled rule is that where the evidence is conflicting, and the merits of the case doubtful, instructions must be accurate or the judgment will be reversed.

For the reasons herein above stated the judgment will be reversed and the cause remanded to the court below for a new trial.

Reversed and remanded.